ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 SEP -4 PM 4:08

DEPUTY CLERK NT

UNITED STATES OF AMERICA

v.

BAILEY SANDERS (01)
ERIC CASTILLO (02)
IVAN RUIZ (03)
EDWARD HOUK (04)
TAMRA SOUTH (05)

CRIMINAL NO.

3-14CR-339-P

# INDICTMENT

The Grand Jury Charges:

At all times material to this Indictment:

## Count One
Conspiracy to Commit Theft of Goods in Interstate Commerce
(Violation of 18 U.S.C. § 371)

## INTRODUCTION

1. Vizio was a leading manufacturer of LCD televisions and other electronic devices, with its corporate headquarters at 39 Telsa, Irvine, California. During the time period of the conspiracy alleged in this indictment, Vizio manufactured and distributed a Model E701IA3 70" LCD television, which sold in retail outlets for approximately $1,860.00.

2. Best Buy Co., Inc., was the world's largest retailer of consumer electronics, with its corporate headquarters in Richfield, Minnesota. Best Buy owns and operates store locations throughout the United States, including a store located at 609 Enterprise Road, Flower Mound, Texas.

3. Buckley Transportation, Inc. ("Buckley"), is a transportation and trucking company located at 2701 Sandy Lane, Grand Prairie, Texas, in the Northern District of Texas. From on or about December 6, 2012, to March 25, 2013, defendant **Bailey Sanders** was employed by Buckley as the Operations Manager. From on or about February 19, 2013, to March 25, 2013, defendant **Eric Castillo** was employed by Buckley as a mechanic.

4. On or about February 21, 2013, Vizio shipped 162 Model E701IA3 70" LCD televisions from San Diego, California, to the Best Buy store located at 609 Enterprise Road, Flower Mound, Texas. On or about February 23, 2013, the shipment was moved by rail from the North American Intermodal facility in Lisle, Illinois, to a Union Pacific Railroad facility in Grand Prairie, Texas.

5. On or about February 26, 2013, the shipment arrived in Grand Prairie, Texas, and was loaded onto a cargo trailer owned and operated by Buckley Transportation. The trailer was driven from the railroad yard in Grand Prairie, Texas, to the Buckley Transportation facility located at 2701 Sandy Lane, Grand Prairie, Texas.

A. THE CONSPIRACY

6. Beginning on or about February 28, 2013, and continuing thereafter to on or about April 19, 2013, in the Dallas Division of the Northern District of Texas and elsewhere, defendants **Bailey Sanders**, **Eric Castillo**, **Ivan Ruiz**, and **Edward Houk**, did knowingly, intentionally, and willfully conspire, combine, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit certain crimes against the United States, namely:

a. To steal, unlawfully take, carry away, and conceal 162 Vizio Model E701IA3 70" LCD televisions in interstate commerce, in violation of 18 U.S.C. § 659; and,

b. To purchase, receive, and possess one or more of the 162 Vizio Model E701IA3 70" LCD televisions, knowing the same to have been stolen, in violation of 18 U.S.C. § 659.

B. OBJECTS OF THE CONSPIRACY

7. The object of the conspiracy was to unlawfully enrich the conspirators and others by:

a. Stealing and carrying away from the Buckley facility located at 2701 Sandy Lane, Grand Prairie, Texas, the shipment of 162 Vizio Model E701IA3 70" LCD televisions, which were awaiting delivery to the ultimate consignee;

b. Selling or giving one or more of the stolen televisions to third parties, family and friends;

c. Receiving, possessing and using one or more of the stolen televisions for their own personal use; and

d. Concealing the stolen goods and the conspirators' roles in the theft from the rightful owners, law enforcement, and others.

C. MANNER AND MEANS

It was part of the conspiracy that:

8. On February 28, 2013, defendants **Bailey Sanders** and **Eric Castillo** waited until all other Buckley drivers had driven their assigned cargo from the Buckley facility in Grand Prairie;

9. Defendants **Bailey Sanders** and **Eric Castillo** recruited others, including defendant **Ivan Ruiz** and unindicted co-conspirator C.C., to assist in stealing and concealing the shipment of 162 Vizio Model E701IA3 70" LCD televisions;

10. Defendant **Ivan Ruiz** and C.C. would in turn recruit and solicit others, including defendant **Edward Houk**, to assist in concealing the stolen cargo;

11. Defendant **Eric Castillo** drove the trailer containing the stolen cargo to an address in Midlothian, Texas, where the stolen cargo would be concealed;

12. Defendants **Bailey Sanders**, **Eric Castillo**, **Ivan Ruiz**, and **Edward Houk**, aided and abetted by C.C. and others known and unknown to the Grand Jury, would unload the 162 Vizio Model E701IA3 70" LCD televisions off the Buckley trailer and store and conceal them in a storage shed located on the property at 2160 North Walnut Grove, Midlothian, Texas.

13. Defendants **Bailey Sanders** and **Eric Castillo** would sell all or some of the televisions to defendant **Ivan Ruiz** and C.C. and to others;

14. Defendant **Ivan Ruiz**, aided and abetted by C.C. and by others known and unknown to the Grand Jury, would in turn sell or give stolen televisions to others.

15. In furtherance of the conspiracy, the defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the Northern District of Texas, and elsewhere:

   a. On or about February 28, 2013, defendant **Eric Castillo** telephoned defendant **Ivan Ruiz** and C.C. and asked if defendant **Bailey Sanders** and he could store a trailer of goods they were intending to steal in a facility under **Ruiz's** control. **Castillo** also offered to sell all or some of the stolen cargo to **Ruiz** and to C.C.;

   b. On or about February 28, 2013, defendant **Ivan Ruiz** and C.C. traveled to 2701 Sandy Lane, Grand Prairie, Texas, to meet with defendants **Bailey Sanders** and **Eric Castillo**, to discuss buying all or some of the stolen cargo, and storing and concealing the stolen cargo;

   c. On or About February 28, 2013, defendant **Ivan Ruiz** telephoned defendant **Edward Houk** and asked **Houk** to help find a place where he and defendants **Bailey Sanders** and **Eric Castillo** could conceal and store the stolen cargo.

   d. On or about February 28, 2013, defendant **Edward Houk** telephoned Tamra South and asked South if the conspirators could store televisions in a storage shed on her property located at 2160 Walnut Grove, Midlothian, Texas.

e. On or about February 28, 2013, defendant **Eric Castillo** drove a trailer containing 162 Vizio Model E701IA3 70" LCD televisions from the Buckley facility at 2701 Sandy Lane, Grand Prairie, Texas, to 2160 Walnut Grove, Midlothian, Texas;

f. On or about February 28, 2013, defendant **Ivan Ruiz** and C.C. drove from the Buckley facility at 2701 Sandy Lane, Grand Prairie, Texas, to 2160 Walnut Grove, Midlothian, Texas to purchase, store or take possession of stolen Vizio Model E701IA3 70" LCD televisions;

g. On or about February 28, 2013, defendant **Bailey Sanders** drove from the Buckley facility at 2701 Sandy Lane, Grand Prairie, Texas, to 2160 Walnut Grove, Midlothian, Texas to sell stolen Vizio Model E701IA3 70" LCD televisions to defendant **Ivan Ruiz** and others, including C.C. :

h. On or about February 28, 2013, at 2160 Walnut Grove, Midlothian, Texas, defendants **Eric Castillo**, **Bailey Sanders**, **Ivan Ruiz**, and **Edward Houk**, aided by C.C. and others known and unknown to the Grand Jury, unloaded the stolen cargo consisting of 162 Vizio Model E701IA3 70" LCD televisions from a trailer to a storage shed located on the property;

i. On or about February 28, 2013, defendant **Ivan Ruiz** drove a U-Haul truck from an unknown location to 2160 Walnut Grove, Midlothian, Texas, for the purpose of receiving and taking possession of stolen Vizio Model E701IA3

70" LCD televisions he had purchased from defendants **Eric Castillo** and **Bailey Sanders**;

j. On or about February 28, 2013, defendant **Ivan Ruiz** gave defendants **Bailey Sanders** and **Eric Castillo** $1,000 and one ounce of methamphetamine as partial payment for the Vizio Model E701IA3 70" LCD stolen televisions.

All in violation of 18 U.S.C. § 371.

## Count Two

Theft of Goods in Interstate or Foreign Shipment and Aiding and Abetting
(Violation of 18 U.S.C. §§ 659 and 2)

16. The Grand Jury incorporates and realleges the allegations set out in paragraphs 1-5 of the Indictment.

17. On or about February 28, 2013, in the Northern District of Texas, and elsewhere, the defendants **Bailey Sanders**, **Eric Castillo**, **Ivan Ruiz**, and **Edward Houk**, aided and abetted by each other and by others known and unknown to the Grand Jury, did intentionally and unlawfully steal, carry away, and conceal from an intermodal container, trailer, container freight station, warehouse, or container consolidation facility, goods and chattels, to wit, 162 Vizio Model E701IA3 70" LCD televisions, moving as and which were a part of interstate or foreign commerce, with the intent to convert the goods and chattels to their own use.

In violation of 18 U.S.C. §§ 659 and 2.

Count Three
Purchase, Receipt, or Possession of Goods Stolen in Interstate or Foreign Shipment
(Violation of 18 U.S.C. §§ 659 and 2)

18. The Grand Jury incorporates and realleges the allegations set out in paragraphs 1-5 of the Indictment.

19. On or about the dates identified below, in the Northern District of Texas, and elsewhere, the defendants **Bailey Sanders,** aided and abetted by others known and unknown to the Grand Jury, did purchase, receive, and possess at least 10 Vizio Model E701IA3 70" LCD televisions, knowing the goods to have been stolen.

In violation of 18 U.S.C. §§ 659 and 2.

Count Four
Purchase, Receipt, or Possession of Goods Stolen in Interstate or Foreign Shipment
(Violation of 18 U.S.C. §§ 659 and 2)

20. The Grand Jury incorporates and realleges the allegations set out in paragraphs 1-5 of the Indictment.

21. On or about the dates identified below, in the Northern District of Texas, and elsewhere, the defendants **Eric Castillo,** aided and abetted by others known and unknown to the Grand Jury, did purchase, receive, and possess at least 10 Vizio Model E701IA3 70" LCD televisions, knowing the goods to have been stolen.

In violation of 18 U.S.C. §§ 659 and 2.

Count Five
Purchase, Receipt, or Possession of Goods Stolen in Interstate or Foreign Shipment
(Violation of 18 U.S.C. §§ 659 and 2)

22. The Grand Jury incorporates and realleges the allegations set out in paragraphs 1-5 of the Indictment.

23. On or about the dates identified below, in the Northern District of Texas, and elsewhere, the defendants **Ivan Ruiz,** aided and abetted by others known and unknown to the Grand Jury, did purchase, receive, and possess at least 10Vizio Model E701IA3 70" LCD televisions, knowing the goods to have been stolen.

In violation of 18 U.S.C. §§ 659 and 2.

Count Six

Purchase, Receipt, or Possession of Goods Stolen in Interstate or Foreign Shipment
(Violation of 18 U.S.C. §§ 659 and 2)

24. The Grand Jury incorporates and realleges the allegations set out in paragraphs 1-5 of Count One of the Indictment.

25. On or about the dates identified below, in the Northern District of Texas, and elsewhere, the defendant **Edward Houk** aided and abetted by others known and unknown to the Grand Jury, did purchase, receive, and possess at least two Vizio Model E701IA3 70" LCD televisions, knowing the goods to have been stolen.

In violation of 18 U.S.C. §§ 659 and 2.

Count Seven
Purchase, Receipt, or Possession of Goods Stolen in Interstate or Foreign Shipment
(Violation of 18 U.S.C. §§ 659 and 2)

26. The Grand Jury incorporates and realleges the allegations set out in paragraphs 1-5 of the Indictment.

27. On or about February 28, 2013, in the Northern District of Texas, and elsewhere, the defendant **Tamra South** aided and abetted by others known and unknown to the Grand Jury, did purchase, receive, and possess at least three Vizio Model E701IA3 70" LCD televisions, knowing the goods to have been stolen.

In violation of 18 U.S.C. §§ 659 and 2.

A TRUE BILL.

FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

PAUL YANOWITCH
Assistant United States Attorney
Illinois State Bar No. 6188269
1100 Commerce St., Suite 300
Dallas, Texas 75242-1699
Telephone: 214.659.8618
Facsimile: 214.767.2846

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

BAILEY SANDERS (01)
ERIC CASTILLO (02)
IVAN RUIZ (03)
EDWARD HOUK (04)
TAMRA SOUTH (05)

---

INDICTMENT

18 U.S.C. § 371
Conspiracy to Commit Theft of Goods in Interstate Commerce

18 U.S.C. §§ 659 and 2
Theft of Goods in Interstate or Foreign Shipment and Aiding and Abetting

18 U.S.C. §§ 659 and 2
Purchase, Receipt, or Possession of Goods Stolen in Interstate or Foreign Shipment

7 Counts

---

A true bill rendered

DALLAS FOREPERSON

Filed in open court this 4 day of September, 2014

Clerk

**WARRANTS TO ISSUE as to defendants Bailey Sanders (01), Eric Castillo (02), Ivan Ruiz (03), Edward Houk (04), Tamra South (05) –Ivan Ruiz (03) IN FEDERAL CUSTODY since 3/06/2014**

------------------------------------------------------------------------------------------------

UNITED STATES ~~DISTRI~~CT/MAGISTRATE JUDGE

No Magistrate Case Pending